UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES R. WADE III                                                            APPELLANT

v.                                          CIVIL ACTION NO. 3:10CV-217-S
                                            BANKR. ACTION NO. 98-32740(3)11

FARMERS NATIONAL BANK                                          APPELLEE

## **MEMORANDUM OPINION**

United States Bankruptcy Judge David T. Stosberg held a hearing on motion of the debtor, James R. Wade, III, to reopen Bankruptcy Case No. 98-32740(3)11. Judge Stosberg heard argument on the motion and made findings on the record. On January 26, 2010, the court entered an order denying Wade's motion to reopen the case pursuant to the findings made by the Court at the hearing.

Wade, *pro se*, has appealed Judge Stosberg's order denying his motion to reopen the case but he failed to obtain or designate the transcript of the hearing for purposes of this appeal. He contends that he cannot thus "argue against" the Judge's findings, despite the fact that he never sought a transcript of the findings. App't. Br., p. 33. This *post hoc ergo propter hoc* logic is unavailing.

Wade goes on to state that findings of fact are unnecessary and that the bankruptcy court therefore erred in holding a hearing on his motion at all. He contends that he had an absolute right to have his ten-year-old Chapter 11 bankruptcy case reopened. App't. Br., pp. 33-35.

Wade correctly states that "[a] refusal to reopen a bankruptcy case is reviewed for an abuse of discretion." App't. Br., p. 34. *In re Nylon Net Co.*, 225 B.R. 404, 405 (Bankr.W.D.Tn. 1998). Section 350(b) of the Bankruptcy Code provides that "a case *may* be reopened in the court in which

such case was closed to administer assets, to accord relief to the debtor, or for other cause." The rule in this circuit is that "requests to reopen a closed case shall be decided based on the particular facts of each case, within the discretion of the bankruptcy judge." *In re Nylon Net*, 225 B.R. at 405. Although he acknowledges the discretionary nature of the decision regarding reopening of a case, Wade inexplicably claims that "the reopening of a bankruptcy case is ministerial in nature," App't. Br., p. 33, citing 9th Circuit cases which are factually and legally inapposite. Clearly, the bankruptcy court properly heard the parties' arguments concerning the motion in order to ascertain, in its discretion, whether the case should be reopened, under the particular facts herein. We need not further address Wade's argument to the contrary.

In its discretion, the bankruptcy court determined that the request to reopen Wade's bankruptcy case should be denied. This court is without the benefit of the bankruptcy court's findings on the record.[1]

Wade filed for bankruptcy in the late 1990s after being unable to meet various bank obligations. Upon his filing of the petition, proceedings against him in the Marion Circuit Court were stayed by operation of the automatic stay provision of the Bankruptcy Code. The details of the underlying state court proceedings precipitating the bankruptcy are immaterial to this decision inasmuch as

> [c]onfirmation...had the dual effect of discharging the...preconfirmation debt and replacing it with their Plan Claims. *See In re Benjamin Coal Co.,* 978 F.2d 823, 827 (3d Cir. 1992)("[O]nce the reorganized plain is approved by the bankruptcy court, each claimant gets a 'new' claim based upon whatever treatment is accorded to it in the plan itself."). The plan is essentially a new and binding contract between the Reorganized Debtor and the Petitioning Creditors. *In re Xofox Indus. Ltd.*, 241 B.R. 541 (Bankr.E.D.Mich.1999). *See also Guardian Savings and Loan Assoc. v. Arbors*

---

[1] Wade's failure to obtain and designate the transcript is a basis, in and of itself, to deny Wade's appeal. *See, In re Kloain*, 2006 WL 2516962 (E.D.Mich. 2006).

*of Houston Assocs. Ltd. Partnership (In re Arbors of Houston Assocs. Ltd. Partnership)*, 172 F.3d 47, 1999 WL 17649, *3 (6th Cir.1999) (unpublished table decision) ("A plan of reorganization, which resembles a consent decree, is akin to a contract between a debtor and its creditors that is approved by the bankruptcy court."). Confirmation of the plan is a final judgment that is entitled to res judicata effect. *Still v. Rossville Bank ( In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458 (6th Cir.1991).

*In re Troutman Enters., Inc.*, 253 B.R. 8, 11 (6th Cir. B.A.P. 2000).

Wade filed a Chapter 13 petition which was converted to a Chapter 11 proceeding. A Chapter 11 plan was confirmed on September 20, 1999.

The plan provided as follows:

Class 4 of the Amended Plan consists of the allowed secured claim of Farmers National Bank in the amount of $48,207.22. This is a fully secured claim collateralized by a mortgage on the Debtor's real estate located at Miller Pike in Lebanon, Kentucky. This claim will be paid pursuant to the terms of the note and mortgage at the rate of $737.90 per month.

Class 5 of the Amended Plan consists of the allowed secured claim of Farmers National Bank in the sum of $95,146.00. This is a fully secured claim collateralized by a security interest in the Debtor's equipment and accounts receivable. Interest shall accrue on the outstanding balance at the rate of 10.25% and payments of $1,456.37 per month will commence thirty (30) days after the Effective Date of the Amended Plan for a term of ninety-six (96) months. The claimant's lien shall remain on its collateral until the indebtedness is satisfied in full.

Wade defaulted on these new obligations. Secured creditor Farmers National Bank ("FNB") was permitted by the Marion Circuit Court to file an Amended Cross-Claim and Counterclaim asserting Wade's default and seeking a declaration that its secured claim under the plan was superior to that of Star Bank.[2] Neither Wade nor Star Bank responded. On September 21, 2001, the Marion Circuit Court entered default judgment, declaring the liens of FNB superior to any interest of Star

---

[2] FNB, who had a competing security interest with Star Bank in Wade's equipment and other assets, had previously been named by Star as a defendant in the Marion County action against Wade.

Bank. The machinery and equipment securing FNB's claim under the Chapter 11 plan were seized pursuant to a Writ of Possession and were then sold by FNB. FNB did not pursue an adjudication of any deficiency at that time against Wade. Four years later after Wade filed a separate action against it alleging that FNB had wrongfully asserted rights as a secured creditor, despite alleged deficiencies in its paperwork, FNB sought to have the deficiency owed by Wade after sale of the collateral reduced to judgment. FNB sought a default judgment or, alternatively, summary judgment on its amended cross-claim against Wade. Wade did not respond to the motion. On July 27, 2006, the Marion Circuit Court entered judgment in favor of FNB in the amount of $66,407.23. Wade appealed the judgment. The judgment was affirmed on appeal by the Kentucky Court of Appeals on November 20, 2009.

On December 1, 2009, Wade sought to have his bankruptcy case reopened in order to challenge the state courts' decisions with regard to his default. Wade contends that the bankruptcy court had exclusive jurisdiction to interpret and enforce the provisions of his confirmed Chapter 11 plan. He has attempted to engraft a rationale from a litany of cases to establish this claim of exclusive jurisdiction. The cases he has cited are inapplicable. Wade selected language to support his argument from cases which he, untrained in the law, simply does not understand. For example, Wade cites *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, __ L.Ed. __ (1966), a case concerning the summary jurisdiction of bankruptcy courts in matters of voidable preferences, and *Granfinanciera S.A. v. Nordberg*, 492 U.S. 31, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) which provided for jury trials in non-core proceedings. He also highlighted language from the Chapter 11 plan which states that "Creditors shall be barred and enjoined from any attempt to assess, demand or collect such discharged indebtedness from the Debtor." However, "such discharged indebtedness" to which this

section refers is described in the sentence immediately preceding which states that "[e]ntry of the order confirming this Plan shall discharge any and all liabilities of the Debtor, *except such debts or obligations expressly created or assumed by the Debtor under the Plan."* With the confirmation of the plan, Ward assumed the debts to FNB which were set forth in the plan. Thus FNB did not obtain judgment in the Marion Circuit Court on a discharged indebtedness. Rather, FNB amended its claim against Ward and recovered on the reorganized debt.[3]

The law is clear that the Marion Circuit Court had jurisdiction to interpret and enforce Wade's confirmed Chapter 11 plan after he defaulted. "If a reorganized debtor defaults under a plan, creditors have several options, including enforcing the plan terms in any court of competent jurisdiction." *In re Troutman Enters., Inc.*, 253 B.R. 8, 11 (6th Cir. B.A.P. 2000). As noted in *In re Nylon Net Company, supra.*, "...[A] state law breach of contract action may be brought for a breach of chapter 11 breach of contract obligations. *Paul v. Monts*, 906 F.2d 1468 (10th Cir. 1990)...That Court noted that the underlying creditors' rights asserted in bankruptcy proceedings are creatures of state law...and determined that a state law breach of contract action premised on the debtor's plan of reorganization was proper. *Id.* at 1476)." *Nylon Net*, 225 B.R. at 406.

As Wade's motion to reopen the bankruptcy case and his related motion to enforce the order of confirmation were based upon an erroneous premise that the state court acted without jurisdiction in adjudicating claims concerning his default, we conclude that the bankruptcy court did not abuse

---

[3]Ward argues that his aunt, Sharon Wade, and FNB acted together in pursuing a discharged debt. However, it appears that FNB simply settled its claim against Sharon Wade for her obligation as a co-signer on one of the promissory notes. Ward permitted default to be entered against him in the state court proceedings. On appeal, he sought to challenge all aspects of the state court's actions. The court of appeals, however, affirmed the circuit court. While Wade correctly states that if the state court modified the bankruptcy court's order by reinstating the original discharged debt, rather than interpreting and enforcing the plan obligations, the state court judgment would constitute a modification of the plan and would be void *ab initio*. *In re Hunt*, 424 B.R. 340 (Bankr. E.D.Tenn. 2010). The settlement of Sharon Wade's obligations did not, and indeed could not, modify Wade's Chapter 11 plan.

its discretion in denying Wade's motion to reopen the case. Therefore, we will affirm the judgment of the bankruptcy court.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

September 29, 2011

**Charles R. Simpson III, Judge
United States District Court**